NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEMCO MUTUAL INSURANCE COMPANY, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> SEAN T. FOLEY, <br><br> Defendant-Appellant, <br><br> and <br><br> KENDRA CASPER; et al., <br><br> Defendants. | No. 21-35725 <br><br> D.C. No. 3:20-cv-00590-HZ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted October 6, 2022
Portland, Oregon

Before: OWENS and MILLER, Circuit Judges, and PREGERSON,[**] District Judge.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

Sean Foley appeals the district court's summary judgment for Appellee Pemco Mutual Insurance Company ("Pemco"), granted in relevant part on the ground that the Homeowner Policy supplied by Pemco ("the Policy") does not cover the accident caused by an ATV owned by one of the insureds. Coverage under the Policy turns on whether the term "an insured" includes an insured other than the insured seeking coverage. If it does, the Motor Vehicle Exclusion in the Policy applies and the Policy does not cover the accident. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Under Oregon law, an allegedly ambiguous term in an insurance policy can only be construed against the insurer after application of the analytical framework set forth in *Hoffman Construction Co. v. Fred S. James & Co.*, 313 Or. 464 (1992). *Alexander Mfg., Inc. Emp. Stock Ownership Plan & Tr. v. Illinois Union Ins. Co.*, 560 F.3d 984, 986-87 (9th Cir. 2009). Under *Hoffman*, a disputed term must be susceptible to multiple plausible interpretations on its face before a court can find the term ambiguous. *Hoffman*, 313 Or. at 470. In some cases, it may not be difficult to construct multiple plausible interpretations of a term. *See id.* At the same time, "[i]t is not permissible to apply a strained meaning to unambiguous language to create an ambiguity where none exists . . . ." *Mortg. Bancorporation v. N.H. Ins. Co.*, 67 Or. App. 261, 264 (1984). Indeed, if a policy explicitly defines the disputed term, courts must apply that definition. *Holloway v. Republic Indem.*

2

*Co. of Am.*, 341 Or. 642, 650 (2006).

Here, the disputed term is "an insured." The Policy explicitly provides that "when the word 'an' immediately precedes the word '**insured**,' the words 'an **insured**' together mean one or more **insureds**." The phrase "one or more insureds," in turn, cannot plausibly be read in isolation to mean the particular insured seeking coverage, as Foley contends. Even were we to look to the plain meaning of "an insured," the term does not encompass any concept of particularity or specificity, and our role is "not to insert what has been omitted." Or. Rev. Stat. § 42.230. Accordingly, we do not "resort to various aids of interpretation" that might otherwise be necessary, and "our interpretive inquiry is at an end." *Groshong v. Mut. of Enumclaw Ins. Co.*, 329 Or. 303, 307 (1999); *see also Holloway*, 341 Or. at 650. Because the disputed term is unambiguous, it cannot be construed against the insurer. The Motor Vehicle Exclusion therefore applies and there is no coverage under the Policy, so we affirm summary judgment for Pemco.

**AFFIRMED.**